# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EMORY STEVEN CHANDLER, | : |
| Plaintiff | : |
| VS. | : |
| Clerk LEROY S. WILEY; State Attorney General THURBERT BAKER, | : NO. 5:10-CV-347 (CAR) |
| Defendants. | : **ORDER & RECOMMENDATION** |

Plaintiff **EMORY STEVEN CHANDLER**, an inmate at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court previously granted his motion to proceed *in forma pauperis*. (R. at 6). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Hancock State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief

may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also* **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color

of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff states that on April 13, 2009, the Superior Court of Hancock County denied his state habeas corpus action. Plaintiff alleges that he filed a timely notice of appeal with Leroy S. Wiley, Clerk of Hancock County Superior Court, on April 21, 2009. Plaintiff apparently also served a copy of the appeal on Amy Hawkins, Assistant Attorney General for the State of Georgia. Plaintiff names Ms. Hawkins as a witness, not as a defendant, in this action.

Plaintiff alleges that he requested Mr. Wiley to "send all records omitting nothing to the G[eorgia] Court of Appeals[1] in a timely manner from the habeas corpus hearing." According to

---

[1] In the first numbered paragraph in his "supplemental complaint," plaintiff states that he requested his habeas corpus record be forwarded to the Georgia Court of Appeals. (R. at 7). However, plaintiff apparently meant to refer to the Georgia Supreme Court, not the Georgia Court of Appeals. In later paragraphs in his supplemental complaint, plaintiff states that he wishes to have defendants "send all records, including transcript of ***Jackson-Denno*** hearing[,] to the Georgia Supreme Court" and he states that his appeal remains pending in the Georgia Supreme Court. Moreover, a review of the Georgia Supreme Court docket at www.gasupreme.us/docket_search shows that plaintiff filed his application for a certificate of probable cause to appeal with the Georgia Supreme Court on May 7, 2009. ***See Green v. Ga. Bd. of Pardons & Paroles***, No. 5-09-CV-197 (HL), 2010 U. S. Dist. LEXIS 75398 (M. D. Ga. June 14, 2010)(explaining that the Court can take judicial notice of a document filed in another court)

plaintiff, Mr. Wiley has failed to forward the record to the Georgia Supreme Court. Therefore, the Georgia Supreme Court is unable to rule on plaintiff's application for a certificate of probable cause to appeal.

Plaintiff names both Leroy Wiley and Thurbert Baker as defendants. Plaintiff's only allegation against Thurbert Baker is as follows: "Plaintiff believes Thurbert Baker has repeatedly been 'asleep at the wheel' while the courts under his watch and jurisdiction fail to adhere to the rules and mandates of those official duties in which they have been sworn to uphold." Plaintiff requests that Court make Thurbert Baker forward his habeas corpus record to the Georgia Supreme Court.

O.C.G.A. § 9-14-52 provides the appeal procedure for habeas corpus actions in the State of Georgia. This statute requires an unsuccessful petitioner (such as plaintiff) to file an application for certificate of probable cause to appeal with the clerk of the Georgia Supreme Court and to file "a notice of appeal with the clerk of the concerned superior court." *Id*. Thereafter, so that the Georgia Supreme Court may "consider fully the request for a certificate, the clerk of the concerned superior court shall forward . . . the record and transcript, if designated, to the clerk of the Supreme Court." There simply is no action that needs to be taken by Thurbert Baker, or any assistant attorney general, in order to perfect the appeal or invoke the Georgia Supreme Court's jurisdiction over the habeas corpus action. Pursuant to this statute, after plaintiff filed a timely notice of appeal with Hancock County Superior Court and filed a timely application for a certificate of probable cause to appeal with the Georgia Supreme Court,

the sole responsibility for forwarding plaintiff's record and transcript is with the clerk of Hancock County Superior Court.

Plaintiff's claim that Thurbert Baker is "'asleep at the wheel' while the courts under his watch and jurisdiction fail to adhere to the rules" is far too general an allegation to establish that Thurbert Baker has violated any of plaintiff's constitutional rights. Moreover, while the Attorney General represents the State of Georgia in many in many civil and criminal actions, the courts in Georgia are not "under his watch."

Additionally, to any extent that plaintiff is attempting to hold Thurbert Baker responsible for the actions, or inactions, of his employees or any assistant attorney general, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. ***H.C. by Hewett***, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff's assertions against Mr. Baker do not establish the causal connection necessary to hold this defendant responsible for plaintiff's alleged denial of due process.

For these reasons, it is **RECOMMENDED** that Thurbert Baker be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

The Court also notes that in his original complaint, plaintiff requests "immediate relief to substantive grounds listed in habeas corpus petition" and requests that the Court investigate both the Hancock County Superior Court Clerk's Office and the State Attorney General's Office. As the Court informed plaintiff in the October 12, 2010 Order to Supplement, this type of relief is not available in a 42 U.S.C. § 1983 action. Release from prison, a change in sentence, or the grant of a new trial cannot be obtained in a 42 U.S.C. § 1983 action. ***Preiser v. Rodriquez***, 411 U.S. 475 (1973). Moreover, the Court is not an investigatory agency that will investigate a state or county office or official.[2]

For these reasons, it is **RECOMMENDED** that plaintiff's request for "immediate relief to substantive grounds listed in habeas corpus petition" and his request that the Court investigate

---

[2] Plaintiff also "requests that Hancock County Superior Court Clerk's office pay all fees for present and future proceedings." This request is premature. If plaintiff should prevail in this action, Fed. R. Civ. P. 54(d) provides for the recovery of costs by the prevailing party and 28 U.S.C. § 1920 enumerates what expenses can be taxed against the losing party. However, plaintiff will have to file the appropriate motion **after** he prevails in this action. *See* Local Rule for Mid. Dist. of Ga. 54.2.2.

the Hancock County Superior Court Clerk's Office and the State Attorney General's Office be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

Finally, plaintiff request that this Court order Leroy Wiley "to send all records, including transcript of *Jackson-Denno* hearing[,] to the Georgia Supreme Court." It is not entirely clear that this Court can order such relief. If plaintiff's request is construed as a request for mandamus relief, the Court has no jurisdiction to issue writs of mandamus directing state officials in the performance of their duties. *See Bailey v. Silberman*, 226 Fed. Appx. 922, 924 (11th Cir. 2007)(The plaintiff requested the district court to issue an injunction ordering the defendants to address the merits of his habeas petition and the district court dismissed the complaint as frivolous construing it as a request for a mandamus, which is only available to compel officers and employees of the United States, not state courts and their judicial officers.); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)(Court held that the district court properly dismissed action when plaintiff requested court to compel the clerk of Dekalb County Superior Court to comply with his request for production of documents because "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."); *Schneider v. City of Hinesville*, No. CV410-016, 2010 U.S. Dist. LEXIS 71963 at *2 (S. D. Ga. June 28, 2010)(Plaintiff filed a 42 U.S.C. § 1983 action alleging that defendants failed

to help him move a state conversion case forward and federal court dismissed as frivolous because plaintiff was "actually seek[ing] a writ of mandamus from this Court directing the state court to take action.").

However, there is also authority, including two cases from this Court, that such a request is more in the nature of an injunction, as opposed to a mandamus. *See Carter v. Hardy*, 527 F.2d 314 (5th Cir. 1976); *English v. Laidler*, No. 5:09-CV-245 (CAR), 2009 U.S. Dist. LEXIS 88063 (M. D. Ga. Sept. 24, 2009); *Thurman v. Jordan*, No. 5:10-Cv-22 (CAR), 2010 U.S. Dist. LEXIS 58326 (M. D. Ga. June 14, 2010). Given the uncertainty surrounding this issue, the Court will allow this action to go forward against defendant Leroy S. Wiley.

It is hereby **ORDERED** that service be made against defendant Leroy S. Wiley and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The

deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been

paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED**, this 1st day of November, 2010.

s/ Charles H. Weigle
CHARLES H. WEIGLE
UNITED STATES MAGISTRATE JUDGE

lnb